UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re:<br><br>TRI-WIRE ENGINEERING SOLUTIONS, INC.,<br><br>Debtor. | Chapter 11<br>Case No. 21-11322-CJP |

# NOTICE OF APPEAL AND STATEMENT OF ELECTION

John R. Wade, III ("Wade") gives notice of his appeal of the December 29, 2023 Order of this Court on *Creditor Trustee's Motion to Enforce Settlement Agreement* [Docket No. 494], as amended by Order of the Court on January 12, 2024 [Docket No. 497]; the Court's February 20, 2024 denial of Wade's *Motion for Relief from Order on Creditor Trustee's Motion to Enforce Settlement* [Docket No. 520]; and the Court's February 20, 2024 order approving the *Motion of Post-Confirmation Creditor Trustee Craig R. Jalbert for Approval of Compromise with John R Wade, III, for Appointment and Instructions as Trustee of the Triwire Engineering Solutions, Inc. Employee Stock Option Plan for Limited Purpose, and for Related Relief* [Docket No. 522].

**Part 1. Appellant.**

    1.    <u>Appellant</u>: John R. Wade, III

    2.    <u>Position of Appellant</u>: Other – third-party, creditor

**Part 2. Subject of Appeal.**

    1.    <u>Orders Appealed From</u>:

1

    a. *Order on Creditor Trustee's Motion to Enforce Settlement Agreement* [Docket No. 494], December 29, 2023 (Exhibit A hereto), as amended by Order of the Court on January 12, 2024 [Docket No. 497] (Exhibit B hereto);

    b. Order denying Wade's *Motion for Relief from Order on Creditor Trustee's Motion to Enforce Settlement* [Docket No. 520], February 20, 2024 (Exhibit C hereto);

    c. Order approving the *Motion of Post-Confirmation Creditor Trustee Craig R. Jalbert for Approval of Compromise with John R Wade, III, for Appointment and Instructions as Trustee of the Triwire Engineering Solutions, Inc. Employee Stock Option Plan for Limited Purpose, and for Related Relief* [Docket No. 522], February 20, 2024 (Exhibit D hereto).

**Part 3. Other parties to Appeal.**

Party:
Craig R. Jalbert, as Trustee of the
Tri-Wire Engineering Solutions, Inc.
Creditor Trust

Counsel:
Joseph H. Baldiga, BBO #549963
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581
Phone: 508.898.1501
Fax: 508.898.1502
Email: bankrupt@mirickoconnell.com
Email: jbaldiga@mirickoconnell.com

**Part 4: Optional election to have appeal heard by District Court.**

Appellant elects to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Signature of Counsel.**

        Respectfully submitted,

        JOHN R. WADE, III

        By his attorneys,

        /s/ Nicholas Rosenberg
        Nicholas J. Rosenberg (BBO No. 657887)
        Gardner & Rosenberg PC
        1 State Street, 4th Floor
        Boston, MA 02109
        Tel: 617-390-7570
        Email: nick@gardnerrosenberg.com

Dated: February 27, 2024

## CERTIFICATE OF SERVICE

I, Nicholas Rosenberg, hereby certify that on February 27, 2024, I served a copy of the foregoing document by e-mail and first-class mail, postage prepaid, to Joseph H. Baldiga, counsel to Craig R. Jalbert, Trustee of the Tri-Wire Engineering Solutions, Inc. Creditor Trust, and by ECF upon the following:

- **Carlo Cellai**    carlo@cellailaw.com, cellai@comcast.net
- **Honoria DaSilva-Kilgore**    hdklaw@hdklawoffices.com, officeasst@hdklawoffices.com;dasilva-kilgorehr85694@notify.bestcase.com
- **Euripides D. Dalmanieras**    edalmani@foleyhoag.com, edalmani@foleyhoag.com
- **Andrew Glenn**    aglenn@kasowitz.com, mao@glennagre.com
- **Michael J. Goldberg**    goldberg@casneredwards.com
- **Peter J. Haley**    peter.haley@nelsonmullins.com, marie.moss@nelsonmullins.com
- **William J. Hanlon**    whanlon@seyfarth.com, bankruptcydocket@seyfarth.com,2875011420@filings.docketbird.com
- **Gary M. Hogan**    garyh@bbb-lawfirm.com, jessicac@bbb-lawfirm.com;kimberlyk@bbb-lawfirm.com
- **Brian J. Hughes**    bhughes@brcsm.com
- **Charles Jeanfreau**    cjeanfreau@raslg.com
- **Steven K. Johnson**    sj@djd.law
- **Richard King - B**    USTPRegion01.BO.ECF@USDOJ.GOV
- **Nathaniel Koslof**    nrbk@dcglaw.com, mcrane@sullivanlaw.com
- **David A. Lavenburg**    dlavenburg@baconwilson.com, lelwood@baconwilson.com
- **James M. Liston**    jml@bostonbusinesslaw.com
- **Timothy H Madden**    thm@dcglaw.com

3

- **Joseph P. Mingolla**    legal@cummings.com
- **Andrew T Perry**    aperry@fgppr.com
- **Nicholas J. Rosenberg**    nick@gardnerrosenberg.com
- **Jeffrey D. Sternklar**    jeffrey@sternklarlaw.com
- **Patrick Uiterwyk**    patrickuiterwyk@gmail.com
- **James F. Wallack**    jwallack@goulstonstorrs.com
- **A. Davis Whitesell**    whitesell@casneredwards.com, luo@casneredwards.com,kohadr97042@notify.bestcase.com

    /s/ Nicholas J. Rosenberg

Nicholas J. Rosenberg

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) | Case No. 21-11322-CJP |
| TRI-WIRE ENGINEERING SOLUTIONS, INC., | ) ) ) |  |
| Debtor | ) |  |

**ORDER**

Before the Court is the *Creditor Trustee's Motion to Enforce Settlement Agreement* [Dkt. No. 475] and the *Opposition of John R. Wade, III to Creditor Trustee's Motion to Enforce Settlement* [Dkt. No. 489]. Pursuant to the Motion, the Tri-Wire Engineering Solutions, Inc. Creditor Trust (the "Creditor Trust"), by its trustee, Craig R. Jalbert ("Trustee"), as authorized under Section 5.3 of the *Liquidating Plan Dated April 1, 2022 Jointly proposed by Debtor and Creditors' Committee as Modified Through June 28, 2022* [Dkt. No. 359] (the "Plan") confirmed by order entered at Dkt. No. 367, seeks to enforce a settlement between the Trustee and John R. Wade, III, resolving all disputes relating to a December 2016 sale transaction involving Tri-Wire Engineering Solutions, Inc. (the "Debtor"), Wade, and the Debtor's Employee Stock Ownership Trust ("ESOP"), including claims asserted in an action commenced in the United States District Court for the District of Massachusetts (the "District Court") entitled *John R. Wade, III, et. al v. Tri-Wire Employee Stock Option Trust, et al*, civil action no. 20-cv-10523-LTS. After a hearing held on the Motion, the parties waived an evidentiary hearing and consented to me determining the Motion based on the pleadings in the record, which include an affidavit signed by Jeffrey D. Sternklar (the "Sternklar Affidavit"), Trustee's counsel, and copies of emails and draft

1

agreements attached to the Sternklar Affidavit and the affidavit of counsel to Wade, Nicholas J. Rosenberg (the "Rosenberg Affidavit").  See Mot., Ex. A (Sternklar Aff.); Opp'n, (Rosenberg Aff.).  After consideration of the Motion and Opposition, the supplemental pleadings filed by the parties [Dkt. Nos. 492 and 493], the arguments of counsel at a hearing, and the record of this case, the Motion is GRANTED as follows.

The Trustee and Wade generally agree on the standard to be applied.  As stated in the Opposition:

> "A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491,1496 (10th Cir.1993) (citations omitted). "The trial court may summarily enforce [a settlement] agreement, provided that there is no genuinely disputed question of material fact regarding the existence or terms of that agreement." *U.S. ex rel Allen v. Alere Home Monitoring, Inc.*, 355 F.Supp.3d 18, 24 (D.Mass. 2019), quoting *Fid. & Guar. Ins. Co.*, 541 F.3d at 5. "In other words, where 'the material facts are not in dispute, it is up to the court to determine whether a binding agreement has been reached.'" *Id.*, quoting *D'Agostino v. Fed. Ins. Co.*, 969 F.Supp.2d 116, 126 (D. Mass. 2013). Where the underlying cause of action is federal, a motion to enforce a settlement agreement generally "is determined in accordance with federal law." *Id.*, quoting *Malave v. Carney Hosp.*, 170 F.3d 217, 220 (1st Cir. 1999). The federal substantive law in turn "includes the common-sense canons of contract interpretation derived from state law." *Id.*, quoting *Morais v. Cent. Beverage Corp. Union Emps.' Supplemental Ret. Plan*, 167 F.3d 709, 712 (1st Cir. 1999). Under Massachusetts law, in order to create an enforceable contract, there must be "agreement between the parties on the material terms of that contract, and the parties must have a present intention to be bound by that agreement." *Situation Mgmt. Sys., Inc. v. Malouf, Inc.*, 430 Mass. 875, 878 (2000).

Opp'n, 5.  The Trustee has the burden of demonstrating that the parties reached agreement on all material terms.  As argued by the Trustee in the Motion, "[n]otably, courts have held both that e-mail exchanges between counsel evidencing such terms and intent as well as verbal discussions are sufficient evidence of an enforceable settlement agreement." Mot., 6 (citing *Basis Tech. Corp. v. Amazon.com, Inc.*, 878 N.E.2d 952 (Mass. App. Ct. 2008) (e-mail); *Novel Iron Works,*

2

*Inc. v. Wexler Const. Co.*, 26 Mass. App. Ct. 401, 408 (1988) (oral)). Wade asserts that the record demonstrates that the parties did not intend to be bound by the terms of any agreement and, even if they had agreed on certain terms, they had not agreed on the timing of the settlement payment or the necessity or means of effecting the ESOP release, which were material.

Without reciting all of the events that led to this dispute, which are largely uncontested and are set out in detail in the Motion and Opposition, the parties had a settlement meeting on January 12, 2023, at which Wade proposed a settlement that included payment of $1.5 million to the Trustee. Sternklar Aff. ¶¶ 9-11, Attachs. 1-2. After that meeting, the Trustee made a counterproposal. Wade rejected that counterproposal and counsel to Wade stated that Wade would not agree to settle for more than $1.5 million. *Id.* at ¶ 12. In his affidavit, counsel to the Trustee states that on May 10, 2023, he called Wade's counsel and "accepted" Wade's $1.5 million offer. *Id.* at ¶ 13. He further states: "Wade's counsel responded during that telephone conversation that he was pleased the Trustee had accepted the $1,500,000 offer from Wade." *Id.* After that call, Wade's counsel sent the Trustee a draft settlement agreement that provided for the $1.5 million settlement payment and mutual releases, including a release by the ESOP that held the stock of the Debtor and was involved in the buyout transaction that was the subject of the estate's claims. *Id.* at Attach. 3.

There was further back and forth about whether the ESOP was a necessary party to the settlement and the timing of the settlement payment. Wade proposed 10 days after final approval of a Rule 9019 motion, while the Trustee desired payment of the settlement amount into escrow immediately to be held until the approval order became final. The Trustee's comments on the draft settlement agreement circulated by Wade's counsel were minimal and related primarily to those issues. *See* Rosenberg Aff., Attach. 1. When counsel to Wade sent the draft settlement

3

agreement to counsel to the Trustee, he noted "[t]his draft is subject to review by our client and is therefore sent under a reservation of rights." Sternklar Aff., Attach. 4. Similarly, when responding with comments, the Trustee's counsel stated that "[t]he comments remain subject to internal review and comment." *Id.* at Attach. 6. In responding to the email by which the Trustee's counsel sent comments on the settlement agreement, counsel to Wade requested that counsel to the Trustee prepare a Rule 9019 motion and offered to prepare a form of order, noting "the timing of the settlement payment in the settlement stipulation which was important to the client." *Id.* In July of 2023, after being provided with a copy of the complaint filed against Wade in the District Court, the Trustee acknowledged that a release from the ESOP would be necessary to effect the settlement. Sternklar Aff., Attach. 8.

While attempts to enforce verbal settlements often fall short because the evidence of an intent to be bound to all material terms is not sufficient, in this case the preponderance of the evidence and reasonable inferences therefrom support a finding that, through counsel, Wade agreed to the material terms of a settlement for $1.5 million in exchange for mutual releases that included a release from the ESOP. In his affidavit, Sternklar states that he advised counsel to Wade that his settlement offer had been accepted and that counsel to Wade responded that he was "pleased" that the Trustee had accepted Wade's offer. Counsel to Wade then circulated a draft settlement agreement that contained the terms of that offer, presumably with additional detail about timing and specific language regarding releases. Months later, when counsel to Wade received comments on the settlement agreement from counsel to the Trustee, he noted that the timing of the payment was important to Wade.

I infer from the undisputed sequence of events, communications between counsel, and documents exchanged that, through counsel, there was a meeting of the minds and an agreement

4

between Wade and the Trustee on a payment of $1.5 million to the estate in exchange for a complete release of claims asserted in the pending litigation at the District Court and other claims that may be held by the estate, including a release from the ESOP. Notably, Wade did not submit any affidavit or other evidence controverting Sternklar's statement that the Trustee accepted Wade's offer and Wade's counsel responded positively. The subsequent exchanges and drafts are consistent with this inference. It appears that the parties did not agree on whether the settlement payment should be paid into escrow pending a final order and the specifics of how the release of the ESOP would be authorized, but contrary to Wade's assertions I do not find those to be essential terms of the settlement, and the Trustee is not seeking to enforce timing different from that proposed by Wade in the draft settlement agreement. "It is not required that all terms of the agreement be precisely specified, and the presence of undefined or unspecified terms will not necessarily preclude the formation of a binding contract." *Situation Mgmt. Sys., Inc. v. Malouf, Inc.*, 430 Mass. 875, 878 (Mass. 2000) (citing *Lafayette Place Assocs. v. Boston Redevelopment Auth.*, 427 Mass. 509, 517-518 n.9 (1998), *cert. denied*, 119 S. Ct. 1112 (1999)). Here, the record shows that the Trustee and Wade progressed beyond "imperfect negotiation." *Id.*

While I recognize there is a strong presumption that parties do not intend to be bound until execution of a final integrated agreement, *see Situation Mgmt. Sys.*, 430 Mass. at 878 (where parties contemplate memorializing the terms of an agreement in a final written integrated agreement, "justifies strong inference that the parties do not intend to be bound until the agreement is executed, it is also true that if all the material terms . . . have been agreed upon, it may be inferred that the writing to be drafted and delivered is a mere memorial of the contract" (internal quotations and citations omitted)); *see also Gel Sys. Inc. v. Hyundai Eng'g and Const. Co., Inc.*, 902 F.2d 1024, 1027 (1st Cir. 1990), without evidence to the contrary, that presumption

5

has been overcome here.  Each party's counsel acted in a manner consistent with the fact that their client had reached agreement on the material terms of a deal.  Drafts were exchanged.  The Trustee engaged in diligence necessary to meet the term that the ESOP provide a release.  It is true that each party conveyed a reservation of rights, but in each case the reservation was directed to the language of the draft settlement agreement and comments thereto.  Nothing in the record suggests that the parties had not reached agreement on the material terms of the settlement, itself, which was not complicated – a payment in exchange for releases.

      For the foregoing reasons, the Motion is granted.  No later than 14 days from the date of this Order, the parties are directed to execute a settlement agreement consistent with this Order, and the Trustee may thereafter file and serve a Rule 9019 motion and, upon approval of that motion, take such other acts as may be necessary to consummate the settlement.

Dated: December 29, 2023                        By the Court,

                                                          Christopher J. Panos
                                                          United States Bankruptcy Judge

**EXHIBIT B**



# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Tri-Wire Engineering Solutions, Inc. | Chapter 11 |
| Debtor | 21-11322-CJP |

## ORDER

**MATTER:**
#496 Joint Motion filed by Other Party Craig R. Jalbert, Trustee of The Tri-Wire Engineering Solutions, Inc. Creditor Trust, Creditor John R. Wade III For Emergency Determination [Re: 494 Order on Generic Motion].

The Joint Emergency Motion to Modify Order [Dkt. No. 496] is hereby GRANTED. The Court modifies its order dated December 29, 2023 [Dkt. No.494] (the "Order") to delete the requirement the parties execute a settlement agreement "[n]o later than 14 days from the date of this Order." *See* Ord. at 6. The remainder of the Order remains in full force and effect and all rights of the parties are otherwise reserved.

Dated: 01/12/2024

By the Court,

Christopher J. Panos
United States Bankruptcy Judge

# EXHIBIT C



### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| In re: | | |
|---|---|---|
| | **Tri-Wire Engineering Solutions, Inc.** <br> Debtor | Chapter 11 <br> 21-11322-CJP |

## PROCEEDING MEMORANDUM AND ORDER

**MATTER:**
Hybrid hearingon #498 Motion of John R. Wade for Relief from [494] Order on Creditor Trustee's Motion to Enforce Settlement;#501 Objection of Craig R. Jalbert, Trustee of the Tri-Wire Engineering Solutions, Inc. Creditor Trust.

**Decision set forth more fully as follows:**

FOR THE REASONS STATED ON THE RECORD, THE MOTION IS DENIED.

Dated: 02/20/2024

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge

# EXHIBIT D



## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **In re:** Tri-Wire Engineering Solutions, Inc.<br>Debtor | **Chapter 11**<br>21-11322-CJP |

## PROCEEDING MEMORANDUM AND ORDER

**MATTER:**
Hybrid Hearing on #502 Motion of Post-Confirmation Creditor Trustee, Craig R. Jalbert, for Approval of Compromise with John R. Wade, III, for Appointment and Instructions as Trustee of the Tri-Wire Engineering Solutions, Inc. Employee Stock Option Plan for Limited Purpose and for Related Relief; #519 Objection of John R. Wade III.

**Decision set forth more fully as follows:**

FOR THE REASONS STATED ON THE RECORD, THE OBJECTION OF JOHN R. WADE, III [DKT. NO. 519] HAVING BEEN OVERRULED, THE *MOTION OF POST-CONFIRMATION CREDITOR TRUSTEE CRAIG R. JALBERT FOR APPROVAL OF COMPROMISE WITH JOHN R WADE, III, FOR APPOINTMENT AND INSTRUCTIONS AS TRUSTEE OF THE TRIWIRE ENGINEERING SOLUTIONS, INC. EMPLOYEE STOCK OPTION PLAN FOR LIMITED PURPOSE, AND FOR RELATED RELIEF* [DKT. NO. 502] (THE "MOTION") IS GRANTED IN ALL RESPECTS, INCLUDING THE REQUEST TO APPROVE THE APPOINTMENT OF THE TRUSTEE AS SUCCESSOR ESOP TRUSTEE FOR THE PURPOSES STATED IN THE MOTION, SUCH RELIEF BEING AN APPROPRIATE EXERCISE OF THE TRUSTEE'S BUSINESS JUDGMENT TO EFFECTUATE THE SETTLEMENT AND THE PLAN.

Dated: 02/20/2024

By the Court,

Christopher J. Panos
United States Bankruptcy Judge