**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In Re:   Tri–Wire Engineering Solutions, Inc. | Chapter 11<br>Bankruptcy Case 21–11322<br>Judge Christopher J. Panos |

### NOTICE OF FILING OF APPEAL TO DISTRICT COURT

On **FEBRUARY 27, 2024,** the appellant, Tri–Wire Engineering Solutions, Inc. filed a Notice of Appeal and an Election to have the appeal heard by the United States District Court for the District of Massachusetts in the above referenced case.

Please refer to 28 U.S.C. § 158(c)(1), Fed. R. Bankr. P. 8001 et seq., and Local Rule 203 of the District Court. Also, pursuant to Fed. R. Bankr. P. 8009, the appellant must file with the Clerk of the Bankruptcy Court a designation of the items to be included in the record on appeal and a statement of the issues to be presented within the deadline set forth in the rule and serve a copy on the appellee(s).

The appellee(s) may file a designation of additional items to be included in the record within fourteen (14) days after service of the appellant's designation and statement of issues. The parties shall consult Fed. R. Bankr. P. 8009 for deadlines applicable to cross–appeals.

Upon the filing of the designation of the items to be included in the record on appeal and the statement of issues to be presented, and after expiration of the fourteen (14) day period for the appellee(s) to file a designation of additional items, the Clerk's Office will forward the designation(s) and statement to the District Court electronically.

If a party to the appeal designates any document placed under seal to be part of the record on appeal, that party must file a motion with the District Court to accept the document under seal. If the District Court grants the motion, the movant must notify the Bankruptcy Court of the ruling. *See* Fed. R. Bankr. P. 8009(f).

It is the duty of the parties to order a transcript of the proceedings or relevant parts thereof. If no transcript is ordered, the parties must advise the Bankruptcy Court by filing "Certificate of No Transcript Ordered." *See* Fed. R. Bankr. P. 8009(b).

It is the duty of the parties to ensure that the record on appeal is complete.

| | |
|---|---|
| Date:2/27/24 | Mary P. Sharon<br>Clerk, U.S. Bankruptcy Court |
| | By the Court,<br><br>Alberto Barrera<br>Deputy Clerk<br>(508) 770– 8932 |